UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DONALD E. MAHONE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CAUSE NO. 3:17CV328-PPS/MGG |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

OPINION AND ORDER

Donald Mahone, a prisoner without a lawyer, filed a habeas corpus petition challenging a disciplinary hearing where a Disciplinary Hearing Officer found him guilty of conducting an unauthorized financial transaction in violation of Indiana Department of Correction Policy B-220. ECF 1 at 1. On administrative appeal, Mahone's charge was amended to a violation of B-233 for bribing/giving. ECF 4-7 at 1. As a result, he was sanctioned with the loss of 30 days earned credit time.

Mahone presents one ground on which he claims he is entitled to habeas corpus relief. He argues that he is entitled to relief because he did not have notice or an opportunity to defend himself against the amended charge of "bribing/giving." Prisoners are entitled to notice of the basis of the charges against them, as well as a hearing in which to defend themselves. *Wolff v. McDonnell*, 418 U.S. 539, 564 (1974). But these requirements are satisfied even if the charge is subsequently amended during, or even after, the disciplinary hearing, so long as the underlying factual basis of the original

charge was adequate to give the prisoner notice of the allegations against him, and the defense to the amended charge would be the same as the defense to the original charge. *Northern v. Hanks*, 326 F.3d 909, 910 (7th Cir.2003); *Portee v. Vannatta*, 105 F. App'x 855, 856 (7th Cir. 2004).

Mahone was originally charged and found guilty of violating IDOC B-220. This offense is defined as, "[e]ngaging in or possessing materials used for unauthorized financial transactions. This includes, but is not limited to, the use or possession of identifying information of credit cards, debt cards, or any other card used to complete a financial transaction." Adult Disciplinary Process, Appendix I: Offenses. [http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf](http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf). The amended charge of B-233 is defined as "[g]iving or offering a bribe or anything of value to a staff member, authorized volunteer, visitor or contractor or *possessing, giving to or accepting from any person anything of value without proper authorization*." *Id.* (emphasis added).

Here, the Conduct Report charged Mahone as follows, "[o]n 2-3-17 at approx 10:40 am I officer French found several pieces of papers with dollar amounts and his name on it. Laying on top of his cabinet." ECF 4-1. The pieces of paper contained messages to Mahone, referencing the repayment of debts and requests for loans of money. ECF 4-3 at 2-3. For example, the pieces of paper contained the following messages:

2

> "Mahone Bey, thought I would be done 2day. I'll have it this wk-end for sure. I need you. I need a $1. I'll give you $3.50. I paid like $39.00 in debts and got some hygiene..."
>
> "This is Coupe... I'm wondering if I can get 3.00 when you come out...thanks -Coupe"
>
> "This Randy D17E I get 4.00 [unreadable] ya..."
>
> "Can I get some a (sic) box of cakes or hard candy and 3 soups -Scruggs"
>
> "Mahone B21 Can you spr 3 dollars? Hambone 331"
>
> "Not sure if you remember me [unreadable] My names Brandon and stay 517 east. You gave me a pack of vanilla cookies on store and last store day I paid you 2 for 1 and gave ya 2 packs of duplex cookies to pay you. Is there anyway you'd store me out more cookies? I'll take any kind of cookie other than lemon. Let me know, Brandon 517"

ECF 4-3 at 3.

Mahone's due process rights were not violated when his charge was amended on appeal. The same factual allegations were used to support the finding of guilt for both charges. Moreover, Mahone's defense to both charges is the same - he claims he did not give or receive anything from other offenders. ECF 4-6; ECF 1 at 2. Because the two charges relied on the same factual allegations and involved the same defense, Mahone is not entitled to habeas corpus relief based on the amendment of his charges.

If Mahone wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma

pauperis on appeal because pursuant to 28 U.S.C. § 1915(a)(3) an appeal in this case could not be taken in good faith.

ACCORDINGLY:

The court **DENIES** Donald E. Mahone's habeas corpus petition (ECF 1).

The Clerk is **DIRECTED** to close this case.

Petitioner is **DENIED** leave to proceed in forma pauperis on appeal.

**SO ORDERED.**

ENTERED: October 10, 2017.   /s/ Philip P. Simon  
Judge  
United States District Court